CARROLL, DONALD K., Judge.
The plaintiff in an action for breach of contract has appealed from a final judgment entered for the defendant by the Circuit Court for Volusia County after a non-jury trial.
The principal question raised for our determination in this appeal is whether the trial court erred in finding that there was no consideration for, and the defendant was not bound by, a certain letter agreement, discussed below.
Briefly stated, the evidence adduced by the parties at the trial showed the following:
The lessee of certain lands entered into a construction contract to build a shopping center thereon with a general contractor, who subcontracted with the plaintiff for the roofing work. The defendant was the bank in which the said lessee and general contractor had checking accounts.
The plaintiff’s claim against the defendant is based upon a letter dated June 9, 1964, from the lessee to the defendant, which letter was signed by the president of the lessee corporation and by the president of the bank. In this letter the defendant was directed to pay, by joint cashier’s check, to the general contractor and the plaintiff $10,000 on the occasion of the next regular “construction draw” and an additional $12,000 on the occasion of the second regular “construction draw.”
In the final judgment appealed from herein, dismissing the plaintiff’s cause with prejudice, the trial court found that the plaintiff failed to prove by a preponderance of the evidence that it is entitled to the relief prayed for against the defendant and that the plaintiff did not at any time change its position in reasonable reliance upon the said letter or on any other word or action of the defendant; and that the said letter was never intended or understood by the lessee, the plaintiff, the defendant, or anyone else to be in the nature of a contract obligating the defendant to the plaintiff.
We have carefully examined the transcript of trial proceedings and find therein sufficient substantial evidence that reasonably supports the just-enumerated findings of the trial court in the final judgment.
In this case both parties waived their right to trial by jury, so the trial court sat at the trial as the trier of the facts, so this appellate court cannot substitute its findings as to factual questions for those of the trial court, any more than we could for the findings of a jury in a jury trial as to factual issues. In addition to its authority as the trier of the facts, the trial court possessed a sound judicial discretion as to matters of law. We cannot find from the record that the court abused such discretion in entering its final judgment.
Having found that the evidence at the trial reasonably supports the trial court’s findings of fact in the final judgment appealed from, and having found that that court did not abuse its judicial discretion, we hold that the said judgment must be and it is
Affirmed.
JOHNSON, C. J., and RAWLS, J., concur.